

# THE ATTORNEY GENERAL
# OF TEXAS

GERALD C. MANN  
~~WILLWILSON~~  
**ATTORNEY GENERAL**

AUSTIN 11, TEXAS

Hon. Edgar E. Payne  
County Attorney  
Hockley County  
Levelland, Texas

Dear Sir:

Opinion No. O-1423  
Re: Is Roy Dunn, Justice Precinct No. 5, Hockley County, Texas, a public weigher?

Your request for an opinion on the following question and statement of facts has been received:

"IS ROY DUNN, OF JUSTICE PRECINCT NO. 5, HOCKLEY COUNTY, TEXAS, A PUBLIC WEIGHER?

### "Statement of facts.

For the past several years, there has been elected a public weigher for Justice Precinct No. 5, Hockley County, Texas, under authority of Article 5683, Rev. Civ. Statutes 1925, and a public weigher was so elected for said Precinct on November 8, 1938, and he has complied with the requirements of Chapter 6 of the Rev. Civ. Statutes and has qualified as said public weigher, was sworn in and has received his certificate from the Commissioner of Markets and Warehouses as well as his Commission of office.

"Prior to this year (1939), the elected public weigher has weighed cotton at the Lubbock Compress Company at its office in Levelland, Texas, and a charge of 10 cents per bale of cotton has been made for his weight tickets. Whether or not the public weigher was paid a salary for his services, received the 10 cents charged for weighing, or worked under some other trade or agreement with the compress company, I do not know and I believe is immaterial in arriving at a correct answer to the question here involved.

"Sometime during the past year the present

elected public weigher was offered a salary to weigh cotton at the compress company's office and he refused their offer.

"Roy Dunn has never been elected to the office of public weigher of said Precinct No. 5.

"Roy Dunn presented a bond to the commissioners' court of Hockley County, Texas, and the court passed the following order:

"'WHEREAS, Roy Dunn has presented to the commissioners' court a good and sufficient bond as public weigher of cotton, wool, sugar, grain, hay and pecans in accordance with law in the sum of Twenty-five Hundred ($2500) Dollars, and

'WHEREAS, he desires to weigh for compensation for the public, and

'WHEREAS, he is a resident citizen of Prec. No. 5, Hockley County, Texas,

"IT IS THEREFORE, ordered by this court that this bond be in all things approved and that the County Clerk of Hockley County notify the Commissioner of Markets and Warehouses of Texas of the approval of said bond.

ATTEST: (Signed ) C.D. Bass,     J. A. Ellis
        County Clerk (Signed)      County Judge'

which said order, you will note, is not dated but was filed in the office of the County Clerk of Hockley County, Texas, on the 10th day of January A.D. 1939, and that portion of the order relative to notifying the Commissioner Markets and Warehouses has been done by the said clerk.

"Roy Dunn was not appointed as public weigher by the Governor upon the recommendation of the senator and a majority of the representatives from this senatorial district, in fact, has not been appointed.

"The following state of facts also exist:

1.  LEVELLAND, TEXAS IS THE ONLY CITY AND/OR TOWN LOCATED WITHIN SAID JUSTICE PRECINCT NO. 5;

2. LEVELLAND, TEXAS HAS NEVER RECEIVED IN ANY ONE YEAR ONE HUNDRED THOUSAND BALES OF COTTON FOR SALE OR FOR SHIPMENT;  Art. 5681;

3. LEVELLAND, TEXAS HAS NEVER RECEIVED AS MUCH AS FIFTY THOUSAND BALES OF COTTON, TWENTY-FIVE THOUSAND TONS OF COTTONSEED, NOR THE AMOUNT  LISTED OF ANY OTHER COMMODITY NOR ANY COMMODITY IN LARGE QUANTITIES; Art. 5681;

"Roy Dunn is not the owner of the Lubbock Compress Company but has made some kind of trade or agreement to weigh cotton at the compress for them.  The company does not buy nor sell cotton but only compresses and stores it and apparently Roy Dunn has attempted to qualify under Article 5704 but there would be no need for the owner to weigh cotton as therein provided and the company is not in a place where no public weigher has been appointed or elected.  Art. 5704."

As pointed out in opinion No. O-1188 of this Department to the Honorable W. S. Bussey, Chief of the Weights and Measures Division of the Department of Agriculture:

"Numerous opinions have been written by this department on questions relating to public weighers, first, who are appointed under Articles 5681 and 5692, Revised Civil Statutes, 1925; second, elected under Article 5683, Revised Civil Statutes, 1925; and who qualify under Article 5704, Revised Civil Statutes, 1925.  * * * *"

Roy Dunn is listed as a duly qualified public weigher on the Public Weighers Ledger of the Weights and Measures Division of the Department of Agriculture as follows:

"Roy Dunn.   Levelland.   Public Weigher.  Article 5704, Revised Civil Statutes, 1925.  Precinct No. 5.  Certificate expires January 10, 1941."

Since Roy Dunn has qualified under Article 5704 of Revised Civil Statutes, 1925, your question is whether or not Article 5704 authorizes private weighers to qualify as public weighers and weigh for hire where there are regularly elected (Article 5683, R.C.S.. 1925) or appointed public weighers (Articles 5681 and 5692, R.C.S., 1925).

Article 5680 of the Revised Civil Statutes, 1925, defines "Public Weigher" as follows:

"Any person engaged in the business of public weighing for hire, or any person, who shall weigh or measure any commodity, produce or article, and issue therefor a weight certificate or weight sheet, which shall be accepted as the accurate weight upon which the purchase or sale of such commodity, product or article is based, shall be known as a public weigher, and shall comply with the provisions of this chapter. The provisions of this article shall not apply to the owners, managers, agents or employees of any compress or any public warehouse in their operation as a warehouseman. This exemption shall not apply in any manner to any Texas port."

Article 5704, Revised Civil Statutes, 1925, reads as follows:

"Nothing in this chapter shall prevent any person, firm or corporation from weighing his own cotton, wool, sugar, hay, grain or pecans in person. In places where there are no public weighers appointed or elected, any person who shall weigh cotton, wool, sugar, grain, hay or pecans for compensation shall be required before weighing such produce to enter into a bond for twenty-five hundred dollars approved and payable as in case of public weighers referred to in this chapter, and conditioned that he will faithfully perform the duties of this office and turn over all property weighed by him on demand of the owner. This article shall not apply to merchant flouring mills."

It will be noted that the statute reads that "in places where there are no public weighers appointed or elected, any person who shall weigh, etc." The language of the statute is not prohibitory. It does not state that "in places where there are public weighers appointed or elected, no person shall qualify as a weigher for compensation". The statute cannot be construed as a prohibition.

In the case of Paschal v. Inman, 157 S.W. 1158, the Supreme Court of Texas held in an injunction suit instituted by a duly elected and qualified public weigher of Justice Precinct No. 4 of Wood County to restrain Inman from conducting the business of a private weigher in such precinct and for the recovery of damages:

"The business of private weighing is a legitimate vocation and falls within those ordinary occupations of life which the citizen is privileged to follow as an inalienable right, subject only to such restraints and limitations as may be imposed in a valid exercise of the police power of the State. Since the liberty of pursuit as to such a calling is not dependent upon legislative sanction, the authority for its abridgment must rest in some positive and valid legal inhibition. * * * *"

"It is clearly recognized in the present statutes that the election of a public weigher in a justice precinct shall not operate as a denial to all persons of the right to therein pursue the business of private weighing." * * *"

The case of Martin v. Foy, 234 S.W. 698, decided by the Amarillo Court of Civil Appeals, is ample legal authority for answering your question in the affirmative. It holds that any person has the right to pursue the occupation of weigher for the public, and that the bond required of such weigher is the bond provided for in Article 7834, Complete Texas Statutes, 1920. (Article 7834 being almost identical with Article 5704, R.C.S., 1925).

The court reviewing the legislation on the subject said:

"We not only do not find the 'positive inhibition' against the pursuit of the business by others than those appointed or elected, but, as stated, the language used in the act suggests the contrary purpose."

and again --

"If it had been the intention of the Legislature to prohibit any persons except all official weighers, elected or appointed under the terms of the law, from engaging in the business of weighing, it would have been easy to have expressed such intent."

On August 6, 1926, George B. Terrell, Commissioner of Agriculture, directed the identical question before us to Attorney General, Dan Moody. It read:

"Under Articles 5680 and 5704, R.C.S., 1925, may any citizen other than an official weigher, elected or appointed

under the terms of the law, engage in the business of weighing for the public.  I quote Article 5704  (7834) (4216), etc."

In a conference opinion dated September 2, 1926, by Hon. C.L. Stone, Assistant Attorney General, and countersigned by Attorney General, Moody, it was held:

"1.  The business of private weighing is a legitimate vocation and falls within those ordinary occupations which a citizen is privileged to follow as an inalienable right, subject only to the valid exercise of the police power of the State.

"2.  Since the right of a person to engage in the business of weighing for the public in not dependent upon legislative sanction and the authority for its abridgment must rest in some positive and valid legal inhibition  in the absence of such inhibition, a person is authorized to engage in the occupation of weighing for the public notwithstanding the fact that there is a duly appointed or elected and qualified public weigher in the same city, precinct, or county."

On September 14, 1927, in the administration of Attorney General, Claude Pollard, in an opinion dated September 22, 1927, by the Honorable Joe S. Brown, Assistant Attorney General, it was held:

"As the Court has held in effect, any private individual shall have the privilege of weighing for compensation by entering into a bond for $2,500.00 approved and payable, as in the case of public weigher and conditions that he will faithfully perform the duties of his office and turn over property weighed by him on demand of owner.  The statute does not provide for any particular term of office.  The time which a person shall exercise an occupation of weighing for the public it seems is left within the discretion of the person who qualifies under the statute.

"It is the opinion of this Department that such weigher who qualifies under Article 5704 would occupy said position so long as the public for whom he is weighing is protected by a bond as requires by the statute."

In opinion No. 0-1188 of this Department we have previously recognized the right of a private individual to qualify as a weigher for the public under Art. 5704, R.C.S., 1925.

It is our opinion that any person may qualify as a weigher for the public for hire under Articles 5680 and 5704, R.C.S., 1925, and weigh for the public for compensation irrespective of whether or not there are regularly elected or appointed public weighers in the same precinct. Since the individual named in your letter has posted bond in the statutory amount and same has been approved by the Commissioners' Court in compliance with Article 5704, R.C.S., 1925, and certificate has been issued by the Division of Weights and Measures of the Department of Agriculture upon the authority of the court order, we hold that said individual is authorized to engage in the occupation of weighing for the public notwithstanding the fact that there is a duly appointed or elected and qualified public weigher in the same precinct.

We wish to thank you very much for the able brief which you submitted upon the subject, and call your attention to the fact that we are enclosing copies of opinions dated August 6, 1926 and September 22, 1927 of former administrations of this department, the former being conference opinion by Assistant Attorney General C.L. Stone to Hon. Geo. B. Terrell, Commissioner of Agriculture and the latter being opinion by Assistant Attorney General, Joe S. Brown, to Hon. Geo. B. Terrell, Commissioner of Agriculture, Austin, Texas.

Trusting that we have fully answered your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

DS:ob                              By s/Dick Stout
Encl. (opinions dated                 Dick Stout
      8-6-26 and 9-22-27)             Assistant

APPROVED SEP 29, 1939
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman